# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Respondents. | Case No. 1:16-cv-00088 DLB PC<br><br>Kern County Superior Court<br>Case No. BCV-15-101024<br><br>ORDER GRANTING MOTION FOR REMAND<br>[ECF No. 13]<br><br>ORDER REMANDING CASE TO KERN COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION |

　　　Plaintiff Lakeith Leroy McCoy, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on October 29, 2015, in the Kern County Superior Court. On January 19, 2016, the matter was removed to federal court.[1] On February 24, 2016, Plaintiff filed a motion to remand the case to the Kern County Superior Court pursuant to 28 U.S.C. § 1447(c). On March 23, 2016, Defendants filed an opposition to the motion to remand.

　　　Plaintiff moves for remand of this case to state court after removal by Defendants. Pursuant to § 1447(c), Plaintiff contends that the Court lacks subject matter jurisdiction since he is raising only state law claims. Defendants counter that Plaintiff alleges a violation of his civil rights within his causes of action that arises under the Eighth Amendment. Defendants further

---

[1] Plaintiff and Defendants have filed consent to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

note that Plaintiff has filed three cases concerning the same March 12, 2015, incident that is set out in the instant complaint. In the instant complaint, Plaintiff asserts causes of action for deceit, intentional infliction of emotional distress, assault, property damage, and breach of duty. In case number 1:16-cv-00098-DAD-BAM-PC, Plaintiff asserts causes of action for negligence and breach of confidentiality based on the same March 12, 2015, incident. In case number 1:15-cv-00768-MJS-PC, Plaintiff claims excessive force and failure to protect in violation of his Eighth Amendment rights, arising out of the same March 12, 2015, incident.

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed, and Defendant bears the burden of establishing grounds for removal. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366 (2002); Provincial Government of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "[F]ederal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,'" Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392.

In this instance, Plaintiff's complaint does not plead claims for relief under 42 U.S.C. § 1983. Plaintiff is correct that he alleges state law claims and relies solely on state law. Defendants allege that Plaintiff's claims arise under the Eighth Amendment; however, there is no mention of the Constitution or of Plaintiff's federal constitutional rights. Plaintiff specifically sets forth his claims of deceit, intentional infliction of emotional distress, assault, property damage, and breach of duty to protect personal belongings. Therefore, Plaintiff is correct that

Case 1:16-cv-00088-DLB   Document 14   Filed 05/12/16   Page 3 of 3

1 the Court does not have subject matter jurisdiction over this action.

2      A motion to remand is the proper procedure for challenging removal, <u>Babasa v.
3 LensCrafters, Inc.</u>, 498 F.3d 972, 974 (9th Cir. 2007).  Where doubt regarding the right to
4 removal exists, a case should be remanded to state court.  <u>Matheson v. Progressive Specialty Ins.
5 Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).  In this case, the Court finds that Plaintiff
6 has exercised his right to rely exclusively on state law, although the Court expresses no opinion
7 on the viability of those claims.  <u>Caterpillar, Inc.</u>, 482 U.S. at 392.  The Court lacks subject
8 matter jurisdiction over this action and it shall be remanded to Kern County Superior Court.

9      For the reasons set forth herein, it is HEREBY ORDERED that:

10     1.    This action is REMANDED to Kern County Superior Court for lack of subject
11 matter jurisdiction; and

12     2.    The Clerk of the Court shall serve a copy of this order on Kern County Superior
13 Court.

14
15 IT IS SO ORDERED.

16    Dated:   **May 11, 2016**               **/s/ Sandra M. Snyder**
17                                        UNITED STATES MAGISTRATE JUDGE

18
19
20
21
22
23
24
25
26
27
28

3